**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

_____
                                                                      )
RUBEN GARCIA, derivatively for the benefit  )
of and on behalf of the Nominal Defendant      )
POPULAR INC.,                                                 )   Civil Action No. 3:09-cv-01507-JAG-BJM
                                                                      )
               Plaintiff,                                        )
                                                                      )
  vs.                                                              )
                                                                      )
RICHARD CARRIÓN, DAVID H.                      )
CHAFEY, JORGE A. JUNQUERA,                    )
ROBERTO H. HERENCIA, MANUEL              )
MORALES, FRANCISCO M. REXACH,          )
JUAN J. BERMÚDEZ, MARÍA L. FERRÉ,      )
WILLIAM J. TEUBER, JOSÉ R.                       )
VIZCARRONDO, FREDERIC V. SALERNO, )
MICHAEL J. MASIN, AND                                )
PRICEWATERHOUSECOOPERS, LLP,           )
                                                                      )
               Defendants,                                     )
                                                                      )
and                                                                  )
                                                                      )
POPULAR, INC., a Puerto Rico Corporation,  )
                                                                      )
               Nominal Defendant.                        )
_____)

**ORDER OF PRELIMINARY APPROVAL**

      WHEREAS, on June 3, 2011, the parties to the above-captioned shareholder derivative action (the "*Garcia* Action") and the parties to a substantially similar derivative action pending in the Commonwealth Court of Puerto Rico, captioned *Díaz* v. *Carrión*, *et al.,* No. K AC2009-1083 (603) (P.R. Ct. of First Instance) (the "*Díaz* Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which is

intended to resolve both the *Garcia* Action and the *Díaz* Action and to fully compromise, resolve, discharge and settle the Released Claims as defined therein;

WHEREAS, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the settlement, dismissal or compromise of the *Garcia* Action requires this Court's approval; and

WHEREAS, the parties to the *Garcia* Action having submitted the Stipulation to this Court in accordance with Rule 23.1 of the Federal Rules of Civil Procedure, and which together with the Exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Derivative Claims alleged in the *Garcia* Action; and the Court having read and considered the Stipulation and the accompanying documents; and the *Garcia* Parties having consented to the entry of this Preliminary Approval Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of July, 2011, that:

1. The capitalized terms herein shall have the same definitions as those set forth in the Stipulation.

2. A hearing pursuant to Rule 23.1 of the Federal Rules of Civil Procedure (the "Settlement Hearing") is hereby scheduled to be held before the Court on Sept. 12, 2011 at 2:30 p.m. for the following purposes:

   (a) to determine whether, with respect to the *Garcia* Action, the proposed Settlement is fair, reasonable and adequate and in the best interest of Popular and its shareholders and therefore should be approved by the Court;

   (b) to hear and determine any objections to the Settlement by shareholders of Popular;

   (c) to determine whether the *Garcia* Order and Final Judgment, as provided by the Stipulation, should be entered dismissing the *Garcia* Action on the merits and with prejudice;

   (d) if the Court approves the Settlement, to consider the *Garcia* Plaintiff's application for an Attorneys' Fees and Expense Award and Lead

>>Counsel's request to pay the *Garcia* Plaintiff and the *Díaz* Plaintiff an incentive fee out of any such Attorneys' Fees and Expense Award; and

>(e)    to rule upon such other matters as the Court may deem appropriate.

3.    The terms of the Settlement are preliminarily approved, subject to further consideration thereof at the Settlement Hearing.

4.    The Court approves the form, substance, and requirements of the Settlement Notice and the Summary Notice attached hereto as Exhibits C and D, and finds that the method set forth herein of notifying all shareholders of the Settlement meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process and constitutes due and sufficient notice to all persons and entities entitled thereto.

5.    The Court orders that the Summary Notice be published twice in both the Investors' Business Daily in English and El Nuevo Día in Spanish, the first time within fifteen (15) calendar days hereof, and the second time no more than twenty (20) calendar days after the first publication. The Settlement Notice will be referenced in the Summary Notice, and a reference shall be provided in the Summary Notice directing shareholders to the location on the Company website where they may access the Settlement Notice and download it. At or prior to the Settlement Hearing, Lead Counsel or Defense Counsel shall file with the Court proof of publication of the Settlement Notice.

6.    At the Settlement Hearing, any Popular shareholder may object, in person or by counsel, to the Settlement, to the request for the Attorneys' Fees and Expense Award and/or any request for incentive fees. Any such objection, or request to be heard at the Settlement Hearing, must be in writing and received by the Court and the counsel identified in the Settlement Notice

no later than 14 calendar days prior to the Settlement Hearing, unless good cause is shown for an extension of this deadline, and must include the following information:

      (a)    the person or entity's name, address and telephone number;

      (b)    the number of shares of Popular stock currently held, together with third-party documentary evidence, such as the most recent account statement, showing such share ownership; and

      (c)    a detailed statement of the person or entity's objections to any matter before the Court and all grounds therefore, including any supporting documents to be considered by the Court.

Persons or entities that wish to be heard orally in opposition to the Settlement must so indicate in their written objection or request. Any objection, statement or request to be heard at the Settlement Hearing must be filed with the Clerk of the Court and must be served on the counsel identified in the Settlement Notice at the same time that the objection, statement or request to be heard is filed with the Clerk of the Court.

    7.    Any Popular shareholder who does not object to the Settlement, the request for the Attorneys' Fees and Expense Award or any request to pay the *Garcia* Plaintiff and the *Díaz* Plaintiff an incentive fee, or does not otherwise request to be heard at the Settlement Hearing in the manner required by this Preliminary Approval Order, shall be deemed to have waived his, her or its right to object to or otherwise be heard concerning the Settlement, the request for the Attorneys' Fees and Expense Award and Lead Counsel's request to pay the *Garcia* Plaintiff and *Díaz* Plaintiff an incentive fee, and shall forever be barred from objecting to or otherwise being heard concerning the Settlement, the request for Attorneys' Fees and Expense Award and the request to pay the *Garcia* Plaintiff and the *Díaz* Plaintiff an incentive fee.

    8.    Proponents of the Settlement, or any aspect thereof, shall file any and all supporting memoranda and materials no later than five (5) days prior to the Settlement Hearing.

9.      Pending the Settlement Hearing and Final approval of the Settlement, all proceedings in the *Garcia* Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation, are hereby stayed.

10.     Pending Final determination of whether the Settlement should be approved, neither the *Garcia* Plaintiff nor any Popular shareholder shall commence, maintain or prosecute any action or proceeding asserting any of the Released Claims against the Released Parties as these terms are defined in the Stipulation.

11.     The Preliminary Approval Order, the Stipulation, any document referred to herein, any action taken to carry out the Settlement, and all negotiations, discussions and proceedings in connection with the Preliminary Approval Order, shall not constitute, be cited or offered as an admission, concession, evidence or acknowledgement of any wrongdoing or liability of the Released Parties or of the merit, lack of merit or validity of any Released Claim, or any defense that has been or could have been asserted in the Derivative Actions.  The Preliminary Approval Order, the Stipulation, any document referred to herein, any action taken to carry out the Settlement, and all negotiations, discussions and proceedings in connection with the Preliminary Approval Order, shall not constitute or be cited as an admission or evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever, except as necessary in connection with any attempt by any of the Released Parties to enforce the terms of the Preliminary Approval Order and/or the Settlement, or in any action against the Released Parties to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment, bar, reduction or other theory of claim or issue preclusion or similar defense or counterclaim.

12. If (i) the Settlement is cancelled and/or terminated according to ¶ 5.2 of the Stipulation; (ii) the Court rejects the Stipulation, including as it may be amended by Plaintiffs' Counsel and Defense Counsel; or (iii) the Court approves the Stipulation, including as it may be amended by Plaintiffs' Counsel and Defense Counsel, but such approval is reversed on appeal and such reversal become Final by lapse of time or otherwise, then the Stipulation, including any amendments thereof, to the extent it seeks to compromise the *Garcia* Action, and the Preliminary Approval Order shall be of no further force or effect and without prejudice to the *Garcia* Parties, and shall not constitute or be cited as an admission or evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever, and all of the *Garcia* Parties shall be restored to their respective position as prior to the execution of the Stipulation.

13. The Court reserves exclusive jurisdiction over the *Garcia* Action to consider all further matters arising out of or related to the Settlement.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this <u>8th</u> day of <u>July</u>, 2011.

<u>S/Jay A. García-Gregory</u>
JAY A. GARCIA–GREGORY
United States District Judge